The Honorable Andrew Ziser Prosecuting Attorney 280 N. College, Suite 301 Fayetteville, AR 72703
Dear Mr. Ziser:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. §§ 25-19-101—107 (Repl. 1992).
You state that through March 31, 1992, the City of Fayetteville ("City") had a contract with Fayetteville Open Channel to provide public access television for Fayetteville residents. Fayetteville Open Channel received public monies during the course of the contract period. On April 1, 1992, another organization was awarded the public access television contract. In June of 1992, the City requested access to records of Fayetteville Open Channel, including its mailing list, pursuant to the FOIA. The channel denied the request to provide such information based upon the competitive advantage exemption to the FOIA, A.C.A. §25-19-105(b)(9)(a). Your questions are restated and addressed below in the order posed.
 1. Does the exemption under the Freedom of Information Act concerning disclosure which gives an unfair advantage to competitors apply in this situation where the requested information was merely a mailing list of names of subscribers, members, or customers?
It must be initially noted that all of your questions raise factual issues which this office is not in a position to resolve. You have made reference to the fact that there was a contract between the City and Fayetteville Open Channel, a private entity. You also note that public funds were expended by the City for the contract. The mere fact, however, that public funds were received under a contract is not, in my opinion, dispositive of questions surrounding the applicability of the FOIA.
The policy statement in the FOIA declares that the "public business" should be performed in an open manner so that citizens may learn of "the decisions that are reached in public activity." A.C.A. § 25-19-102. The language of A.C.A. 25-19-103(1) with regard to agencies "wholly or partially supported by public funds" does, however, illustrate the fact that private entities can, in certain instances, be subject to the FOIA. The analysis involves, in part, the extent to which "public business" (A.C.A. § 25-19-102) is being conducted through the private entity. As noted by the Supreme Court of Arkansas in City of Fayettevillev. Edmark, 304 Ark. 179, 801 S.W.2d 275 (1990), "[w]hen the state or a political subdivision thereof seeks to conduct its affairs through private entities, it seems clear that those entities are for all practical purposes the government itself."304 Ark. at 187, citing J. Watkins, Access to Public Recordsunder the Arkansas Freedom of Information Act, 37 Ark. L. Rev. 741, 764 (1984).
The question of whether the Fayetteville Open Channel is "wholly or partially supported by public funds" for purposes of the FOIA by virtue of its contract with the City requires a factual inquiry. A conclusive determination would require a thorough review of the facts and circumstances surrounding the contract. It is possible, in a public contract situation, that the FOIA will apply to records that are relevant to the task performed under the agreement. See, e.g., City of Fayetteville v.Edmark, supra. It must be recognized, however, that even if records that are relevant to a particular task performed under a public contract are obtainable under the FOIA (see, generally,Edmark, supra and J. Watkins, The Arkansas Freedom ofInformation Act (m m Press, 1988) at 29-33), the disclosure requirement extends to records which "constitute a record of the performance or lack of performance of official functions." A.C.A. § 25-19-103(1). As stated by Mr. Watkins in The Arkansas Freedomof Information Act, supra, with regard to a county hiring a private certified public accountant to conduct an audit of a county department: "[T]he CPA's records relevant to that task should be obtainable under the FOIA. That is not to suggest, however, that all of the accountant's files become open because he is retained by the government to perform a particular task."Id. at 32.
All of these guiding principles must be considered with regard to your specific question involving disclosure of the Fayetteville Open Channel's mailing list. The so-called "competitive advantage" exemption (A.C.A. § 25-19-105(b)(9)(a)) is, of course, only involved if as an initial matter the mailing list constitutes a "public record." As noted above, this requires a factual determination. Assuming, arguendo, that the FOIA is applicable, the competitive advantage exemption requires analysis on a case-by-case basis. See Op. Att'y Gen. 91-390. The exemption provides in pertinent part that:
 It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter: . . . [f]iles which, if disclosed, would give advantage to competitors or bidders. . . .
See also Laman v. McCord, 245 Ark. 401, 432 S.W.2d 753
(1968). Every business has its unique characteristics which, if revealed, may or may not give advantage to a competitor. While an entity might legitimately claim that its mailing lists are exempt from disclosure, the burden of proving eligibility for the exemption is upon the entity seeking nondisclosure. SeeGannett River States Publishing Co. v. Ark. Indus. Dev.Comm'n., 303 Ark. 684, 799 S.W.2d 543 (1990). The entity must prove that the disclosure of proprietary information would cause substantial harm to its competitive position before qualifying for the exemption from public disclosure. See Op. Att'y Gen.87-194.
Accordingly, the issue of whether the competitive advantage exemption would apply requires a factual inquiry with a view to all of the surrounding circumstances.
 2. Since the contract that Fayetteville Open Channel had with the City of Fayetteville expired on March 31, 1992, does a request made in June of 1992 even come under the FOIA when at the time of the request the agency is no longer receiving public funds? Does it matter that the June, 1992, request for information only asked for information as of March 31, 1992, the last day of the contract period?
Because I cannot conclusively determine whether the FOIA is applicable to the records, due to the factual nature of the inquiry, a comprehensive response to these questions is impossible. If one assumes, as a factual matter, that the FOIA is applicable to the mailing list of the Fayetteville Open Channel, it is my opinion that a request which is submitted three months after the contract with the City has expired, and which is for information generated during the tenure of the contract, would, as a general matter, fall within the FOIA. The fact that the private entity is no longer receiving public funds pursuant to the contract would not, in my opinion, be dispositive. Rather, so long as the request pertained to information within the purview of the FOIA, during the period of time that the private entity was "wholly or partially supported by public funds," such information would generally be subject to disclosure. Ultimately, however, this question would require a factual determination.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
SD:cyh